**Lois Jane HUTCHINGS, Respondent,**

v.

**Harold H. HUTCHINGS, Appellant.**

**No. 47071.**

Missouri Court of Appeals,
Eastern District,
Division Six.

Sept. 4, 1984.

Walter D. McQuie, Jr., Montgomery City, for appellant.

Sidney A. Thayer, Jr., Washington, for respondent.

CLEMENS, Senior Judge.

Husband appeals from only a portion of the trial court's dissolution decree. He challenges its provision removing him as co-trustee of the "Hutchings Farm Trust". This on the alleged ground this part of the decree was not warranted by the pleadings.

The relevant evidence: After a lengthy marriage and the birth of nine children—four still minors—the parties separated. Plaintiff-wife is employed and sought no support from defendant-husband. He was an unemployed alcoholic; regularly he had physically abused his wife and their children and had personally appropriated farm products.

The parties had owned and operated the heavily encumbered "Hutchings Farm". In 1977 they conveyed the farm and its personalty to themselves by an irrevocable trust for their nine children. Its now relevant parts:

"The trustees are to manage the farm and administer the trust until their youngest child is 30 years old."

"If either trustee fails to act the other may act alone."

By the wife's petition insofar as now relevant she pleaded the farm was marital property; she asked for division thereof by the court and for such further orders as the court deemed proper.

By husband's answer he pleaded the trust assets were non-marital property not subject to division by the court, but asked the court to "divide the marital property" and "for such other and further orders as to the court seem called for in the circumstances."

After hearing the evidence the court dissolved the marriage, awarded child-custody to the wife, and further decreed that:

"Respondent, Harold H. Hutchings, Jr., is removed as Trustee of the Hutchings Farm Trust and ordered to turn over all of the trust property now in his possession to the remaining trustee. It is further ordered and decreed that respondent is enjoined from going on the trust property or harrassing or disturbing the peace of petitioner."

Here, the husband contends there was no basis in the pleading for any adjudication of the trust. We hold that both the plaintiff's petition and defendant's answer treated the relevant property as divisible trust property.

In *Corder v. Corder*, 546 S.W.2d 798[9] (Mo.App.1977) the court ruled that Section 452.330 RSMo. left no doubt the legislature intended a division of marital property "which would effect a complete severance of all unity of possession, as well as unity of title, between the spouses..." And as ruled in *In re Marriage of Brewer*, 592 S.W.2d 529[4, 5] (Mo.App.1979) "the trial court must divide the parties' marital property on the dissolution of marriage." This for the reason "once rightfully in possession of a case the court will not relinquish it short of doing complete justice..."

We uphold the trial court's taking jurisdiction of the partnership trust, and hold its disposition thereof was within its discretion.

Affirmed.

PUDLOWSKI, P.J., and DOWD, C.J., concur.